## CLAPP *et al. v.* REID *et al.*

(April Term, 1867.)

1. PLAINTIFF IN ERROR *must be in court.* Where there is nothing to show that the party whose name appears upon the record as plaintiff in error has brought himself under the jurisdiction of the court, no motion on the part of the defendant in error, which assumes that the plaintiff is in court, will be entertained.

Clapp *et al. v.* Reid *et al.*

2. REMEDY OF DEFENDANT *in such case.* In such a state of case, the defendant in error may take a rule upon the plaintiff to bring himself within the jurisdiction of the court.

3. And, such a rule being asked in this case, the court entered a rule upon plaintiff to sign the assignment of errors which was attached to the record, but was not signed.

4. NOTICE—*when necessary.* But notice of the rule was required to be given to the plaintiff in error.

THIS case appears upon the docket as a writ of error, the transcript of the record is on file, to which is attached an assignment of errors which is not signed by counsel or otherwise, nor is there a præcipe on file, or any thing to show by whom the record was brought to this court. The defendant in error, however, had joined in error; and subsequently asked leave to withdraw his joinder in error, and to plead.

Per CURIAM: This case appears to have been brought to this court upon writ of error, but whether upon the authority of the party whose name is upon the record as the plaintiff in error, does not appear. There is no præcipe, nor is the assignment of errors signed by counsel or otherwise. There is nothing to show by whom the record is brought here; and until it appears that the ostensible plaintiff is in court seeking action upon the record, we cannot entertain a motion on the part of the defendant which assumes that the plaintiff is in court. A judgment rendered in a cause in which the plaintiff in error has not brought himself within the jurisdiction of the court, could not be pleaded in bar to another writ of error, and it would be manifestly improper to permit any action which would be ineffectual in determining the rights of the parties.

The defendant, however; may take a rule upon the plaintiff to bring himself under the jurisdiction of the court, and if the rule be not complied with the cause will be stricken from the docket.

The counsel for the defendant thereupon asked that such a rule be entered.

Per CURIAM: A rule will be entered requiring the plaintiff in error to sign the assignment of errors; but notice of the rule must be given him.